UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ALAN HOCHLEUTNER,

        Plaintiff,

v.                                                         Case No. 11-C-378

TRACY L. METZ, et al,

        Defendant.

**ORDER GRANTING MOTION TO COMPEL AND FOR SANCTIONS**

On April 19, 2011, Plaintiff Mark Alan Hochleutner filed a *pro se* complaint under 42 U.S.C. § 1983 against Tracy Metz, his former parole officer; Flora Bergman, a 78-year old woman he allegedly defrauded; and Detectives Handrow and Groshek, two Jefferson County Sheriff deputies who investigated the alleged fraud. Hochleutner alleged that the defendants had conspired together to falsely accuse him of defrauding Ms. Bergman and as a result he was held in custody for some eight months before the charges were finally dismissed. On January 25, 2012, Defendant Metz filed a Motion to Compel, Extend Time, and for Sanctions, claiming Hochleutner has refused to sign releases authorizing access to the probation and parole files which presumably document the actions taken by the defendants that are the subject of the lawsuit and, further, that plaintiff refused to answer substantive questions at his deposition. On January 27, 2012, this Court issued an Order (ECF No. 46) directing Hochleutner to show cause why he should not be sanctioned or agree to comply with the discovery requests. Hochleutner responded to the Order to Show Cause on February 3, 2012. For the reasons discussed herein, defendants' motion (ECF No. 44) will be granted.

Although Fed. R. Civ P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then personally consult with the opposing party and attempt to resolve their differences. Civil L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that "after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord." Civil L.R. 37.1 (E.D. Wis.). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Despite three written requests and a verbal attempt to obtain Hochleutner's cooperation at a deposition, plaintiff has failed to return to counsel signed authorizations allowing access to his Department of Corrections (DOC) records. Counsel for Metz submitted the appropriate paperwork to demonstrate their inability to reach an accord. Plaintiff's response to Metz' motion is simply a statement that he has a "constitutional right not to sign authorized confidential releases." (ECF No. 49 at 1.) Plaintiff further avers defendants have not demonstrated the relevance of these records. But Hochleutner alleges he was "unlawfully" held in custody on the charges from September 25, 2006 until his final parole revocation hearing on May 9, 2007. (Compl. ¶ 43.) He further alleges defendants conspired to revoke his parole and thereby to deprive him of his liberty. (*Id.* ¶ 18.) Defendants have also agreed to limit the authorization so that it does not allow access to confidential health care records that have no relevance to his claims or their defense. In order to defend

2

themselves against these charges, defendants are entitled to Hochleutner's DOC records; plaintiff cannot commence this suit and then prevent defendants from examining his DOC history. Plaintiff's refusal to provide such authorization is baseless. Accordingly, the motion to compel is granted, and Hochleutner is ordered to sign the authorizations forthwith or face dismissal.

In addition, defendants attempted to take plaintiff's deposition on January 17, 2012. Hochleutner refused to answer substantive questions related to the lawsuit and admitted he never intended to give substantive testimony at the deposition. (ECF No. 45 ¶¶ 14–24.) Hochleutner's response is a suggestion that the questioning was in "bad faith" because it was "repetitive." (ECF No. 49 ¶ 5.) In reviewing the deposition transcript, however, it appears that Hochleutner simply refused to answer substantive questions about his case. As a result, the attorneys who had hired a court reporter and traveled to the prison to conduct the deposition incurred substantial costs on behalf of their clients. The Court had granted leave to conduct the deposition in its scheduling order entered on July 5, 2011. (ECF No. 21.) Plaintiff's suggestion that he was not required to cooperate in discovery because of his pending motion to extend the time for discovery makes no sense. In light of his behavior, I conclude that the request that Hochleuthner be sanctioned is reasonable.

In reaching this conclusion, I have considered not only the conduct that brings the matter before the Court, but also the entire file. Plaintiff's claim is that the elderly woman he was accused of defrauding conspired with his probation officer and two detectives to falsely accuse him of criminal conduct. Despite the conclusory nature of his allegations, the case was allowed to proceed based primarily upon Plainitff's allegation that the charges were finally dismissed after he was held in custody for some eight months. Plaintiff apparently made the same allegations in a petition for a John Doe investigation in Jefferson County, Wisconsin. Based on the district attorney's

3

investigation and report, the state judge dismissed plaintiff's petition. (ECF No. 32-1.) The district attorney's report sheds further light on plaintiff's allegations.

The report strongly suggests that there is no merit to plaintiff's claims and that they are brought for harassment purposes. According to the report, plaintiff was paid in advance by Ms. Bergman for three separate home improvement projects that he never completed. Plaintiff not only failed to return the money paid to him but also borrowed from Ms. Bergman an additional $1,900. Metz was informed of plaintiff's actions by a friend or relative of Ms. Bergman, and she referred the matter to the Jefferson County Sheriff's Department. Following the investigation by Detectives Groshek and Handrow, plaintiff was charged with multiple counts of theft by fraud. In addition, Metz commenced revocation proceedings against him. Ultimately, plaintiff waived his right to a hearing and agreed to have his parole revoked for various other violations. Since he waived his right to a hearing and agreed to revocation, there was no need to pursue the violations concerning Ms. Bergman, and after plaintiff was returned to prison, the criminal charges he was facing were apparently dismissed. What is clear from the report is that the dismissal of or failure to pursue the theft charges was not an exoneration of plaintiff. In light of this history, plaintiff's conduct in the course of this litigation takes on a new light.

Having considered the entire record, I conclude that plaintiff should be ordered to pay the attorneys fees and costs incurred by the defendants in the unsuccessful attempt to take plaintiff's deposition. Given plaintiff's conduct and the questionable merits of his case, the defendants should not be required to incur further costs in this matter unless and until plaintiff pays the fees and expenses they have unnecessarily incurred as a result of his refusal to cooperate at the properly noticed deposition. The Court recognizes that plaintiff is indigent, and this order will likely result

4

in dismissal of his case. But plaintiff's indigency cannot be used as a shield that protects him from the consequences of his own behavior.

Defendants are directed to submit affidavits setting forth the actual fees and expenses they incurred within the next week. Plaintiff will be given ten days to pay in full the reasonable costs and fees as determined by the Court. His failure to do so, or his failure to sign the authorization for access to his Parole file, will result in dismissal of this action with prejudice, and the costs will be assessed against him. All other proceedings in this matter are stayed until plaintiff complies with this order.

**SO ORDERED** this __10th__ day of February, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge